UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J. ROBERT SMITH, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:12-cv-281 |
| Plaintiff, | |
| vs. | Judge Timothy S. Black |
| ROBBINS & MYERS, INC., *et al.*, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Doc. 34)**

This civil action is before the Court on Plaintiff's motion for leave to amend the complaint (Doc. 34), and the parties' responsive memoranda (Docs. 36, 38).

## I.  BACKGROUND FACTS

Plaintiff seeks to amend the complaint in order to: (1) add derivative claims and demand futility allegations; (2) clarify the disclosure claims, including pleading particularized facts showing that the omissions in the Proxy are material and rendered affirmative statements in the Proxy false or misleading; and (3) eliminate the aiding and abetting claims.  Plaintiff maintains that these amendments address the issues raised by this Court in its Order denying expedited discovery and clarify and/or moot five of the six grounds on which Defendants based their motion to dismiss.              .

Defendants maintain that the motion for leave to amend the complaint should be denied because the proposed second amended complaint is futile, does not correct the deficiencies in the amended complaint, and would cause undue delay and prejudice.

## II. STANDARD OF REVIEW

Leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). *See also Moore v. City of Paducah,* 790 F.2d 557, 559-60 (6th Cir. 1986). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). To survive a motion to dismiss, a complaint must contain direct or inferential allegations with respect to all material elements required for recovery. *Weisbarth v. Geauga Park Dist.*, 499 F. 3d 538, 541 (6th Cir. 2007). The court must accept plaintiff's well-pleaded factual allegations as true, and the allegations of the complaint must be at least plausible on their face. *Id.* at 541-542.

The grant or denial of a request to amend a complaint is left to the broad discretion of the district court. *Gen. Electric Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

## III. ANALYSIS

The question of sufficiency of the pleadings should be considered in the context of a motion to dismiss, not a response to a motion for leave to plead. Accordingly, the Court declines to engage in a far reaching analysis pursuant to Fed. R. Civ. P. 12(b)(6), but

briefly notes as follows:

### A. Derivative Claims

Defendants argue that any attempt to add derivative claims is futile because Warren Cliffard's demand bars Plaintiff from pleading demand futility.[1]

While the Court acknowledges the seeming inconsistency in both serving a demand letter on R&M and its Directors on behalf of Mr. Cliffard and seeking here to amend to add derivative claims based on alleged demand futility, a demand from a non-party shareholder does not bar Plaintiff from pleading demand futility. *In Re FirstEnergy Shareholder Derivative Litig.*, 320 F. Supp. 2d 621, 626 (N.D. Ohio 2004).[2]  Mr. Cliffard is not a party to this litigation.

Accordingly, a demand on the Company by non-party Warren Cliffard does not bar Plaintiff from pleading demand futility.

---

[1] On August 17, 2012, Plaintiff filed the original complaint in this case without asserting any derivative claims. (Doc. 2). That same day, Plaintiff's counsel, representing another purported shareholder, served a demand letter on R&M and its Directors. (Doc. 36, Ex. D). The Demand Letter raises essentially the same issues raised in Plaintiff's original complaint here and "demands that the Company immediately commence an action against the Board for injunctive and other equitable relief as permitted by law." (Doc. 36, Ex. D at 3).

[2] Conversely, the cases cited by Defendants "conclude that once a shareholder makes a demand, that same shareholder (or his co-plaintiff in the same lawsuit) can no longer argue demand futility." *In re FirstEnergy S'holder Derivative Litig.*, 320 F. Supp. 2d 621, 625-626 (N.D. Ohio 2004). *See, e.g., Sommers v. Lewis*, No. CV 07-1142-MO, 2009 U.S. Dist. LEXIS 29776, at *14-15 (D. Or. Apr. 8, 2009) (finding that plaintiff was bound by another shareholder's demand where "under the unusual facts" of the case, plaintiff was the "functional equivalent of a co-plaintiff" because, among other things, plaintiff attempted to join the suit of the shareholder who made the demand before it was dismissed); *Boeing Co. v. Shrontz*, No. 11,273, 1992 Del. Ch. LEXIS 84, at *16 (Del. Ch. Apr. 20, 1992) (finding that plaintiffs were precluded from arguing demand futility where one co-plaintiff had made a demand).

### B. Demand Futility

Next, Defendants argue that any attempt to add derivative claims is futile because Plaintiff cannot show demand futility by alleging that all directors are named Defendants and all Defendants participated in the complained-of wrongdoing.

Plaintiff must "point to facts which show that the presumed ability of the directors to make unbiased, independent business judgments about whether it would be in the corporation's best interests to file the action does not exist in this case." *In Re Ferro Corp. Derivative Litig. (Ferro* II), 511 F.3d 611, 618 (6th Cir. 2008). Moreover, Ohio law "presumes" that directors can exercise their independent business judgment about whether it would be in the best interests of the corporation to sue some or all of the other directors, and Ohio courts "have consistently rejected the idea that demand is always futile when the directors are targeted as the wrongdoers of the suit the shareholders wish the corporation to bring." *Id.* However, demand is presumptively futile "where the directors are antagonistic, adversely interested, or involved in the transactions attacked." *Id.*

Alleging that all directors are defendants can be enough to show demand would be futile. *Carlson v. Rabkin*, 789 N.E.2d 1122, 1128 (Ohio Ct. App. 2003) ("Examples of when a demand would be excused as futile include when all directors are named as wrongdoers and defendants in a suit."). Moreover, alleging that all directors are defendants and that each defendant participated in the wrongdoing that is the basis of the

-4-

litigation is sufficient to plead demand futility. *Fradkin v. Ernst*, 571 F. Supp. 829, 840 (N.D. Ohio 1983) (Court found that a demand on the Board would be futile where "all of the directors at the time of the purported adoption of the Option Plan and issuance of the Proxy statements are defendants; and they are all alleged to have committed violations of federal and state law for which they are accountable to the Company and to the class; so that the directors of the Company have irreconcilable conflicts of interest which render them incapable of considering objectively whether it is in the Company's best interest to pursue this litigation.").[3]

The second amended complaint alleges that all directors are named defendants and all defendants actively participated in the complained-of wrongdoing, including their actions in connection with the merger and proxy statement at issue in this litigation. *See, e.g., Carlin v. Brownfield*, No. 84AP-345, 1985 Ohio App. LEXIS 8141, at *13-14 (Ohio Ct. App. June 18, 1985) ("Construing the material facts before us in a light most favorable to plaintiffs, we believe that reasonable minds could find that demand upon the directors of Fidelity would be futile, and conclude that the trial court erred in rendering summary judgment in favor of defendants on this basis. For example, plaintiffs allege that Brownfield dominated the board of directors and the corporation, and that the directors took an active role in the wrongful acts which formed the basis of plaintiffs'

---

[3] *See also, NECA-IBEW Pension Fund v. Cox, et al.*, No. 1:11cv451, 2011 U.S. Dist. LEXIS 106161, at *14-15 (S.D. Ohio Sept. 20, 2011) (demand was futile where "director defendants are the very same people who approved the pay hikes and bonuses, and plaintiff has named all directors who approved the compensation as defendants.").

complaint. These allegations, if proven, would be sufficient to support a finding that demand on the directors would be a futile act and, therefore, that the demand requirement would be excused."). Conversely, the cases cited by Defendants stand for the proposition that where, (unlike in this case), there are no allegations that all directors are defendants and all defendants took an active role in the wrongdoing, something more must be alleged to establish futility. *See, e.g., Stanley v. Arnold*, No. 1:12cv482, 2012 U.S. Dist. LEXIS 152096, at *15-23 (S.D. Ohio Oct. 23, 2012) (did not involve allegations concerning affirmative misconduct by the directors so that directors were not directly threatened with the substantial likelihood of liability and demand futility could not be established by alleging that these directors were threatened by liability); *Drage v. P&G*, 694 N.E.2d 479, 485 (Hamilton Cty. App. 1997) (only six out of the nineteen directors named as defendants and no allegation that the thirteen non-defendant directors were "dominated" or "took an active role in the wrongdoing alleged").

Plaintiff need not actually prove liability of each defendant at this stage in the litigation in order to show demand futility. Plaintiff's allegations that all directors are named defendants in this action and all defendants actively participated in the alleged wrongdoing is sufficient under Ohio law to demonstrate demand futility.

### C. Materiality

Next, Defendants argue that the additional 14(a) allegations in the proposed

second amended complaint are futile because none of the alleged omissions are material.[4] A determination of materiality "requires delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him and these assessments are peculiarly ones for the trier of fact." *TSC Indus. v. Northway Inc.*, 426 U.S. 438, 450 (1976).[5] This Court declines to engage in a fact-intensive test and finds that for purposes of its inquiry at this stage in the litigation, Defendants have sufficiently alleged material omissions.[6]

Additionally, "in order to prevail in their motions, defendants must convince the court that each allegation made by the plaintiff is immaterial as a matter of law." *Feiner v. SS&C Techs. Inc.*, 11 F.Supp.2d 204, 208 (D. Conn. 1998) ("if plaintiffs have alleged a single misstatement that can not be deemed immaterial as a matter of law, the action

---

[4] There is a private right of action for breach of Section 14(a) of the Exchange Act which prohibits the solicitation of proxies by means of materially false or misleading statements. *Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1086-87 (1991). "To state a claim under section 14(a), a plaintiff must aver that (1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *NACCO Indus., Inc. v. Applicca Inc.*, No. 1:06cv3002, 2006 U.S. Dist. LEXIS 91940, at *7 (N.D. Ohio 2006). "[A] misrepresentation or omission is considered material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." *Id.*

[5] *See also City of Monroe v. Bridgestone Corp.*, 387 F.3d 468, 487 (6th Cir. 2004) ("As for materiality, whether or not a statement is material turns on a fact-intensive test").

[6] *See, e.g., Halperin v. eBanker USA.com, Inc.,* 295 F.3d 352, 357 (2d Cir. 2002) ("Recognizing that the materiality of an omission is a mixed question of law and fact, courts often will not dismiss a securities fraud complaint at the pleading stage of the proceedings, unless reasonable minds could not differ on the importance of the omission.").

survives [the] motions to dismiss").[7]

For example, the proposed second amended complaint alleges that Defendants omitted critical information about the strategic alternatives pursued and then abandoned by the Board. (Doc. 34, Ex. 2 at ¶¶ 56-57). The proposed second amended complaint explains that this information was material in the context of other statements made by Defendants in the Proxy regarding the strategic alternatives and "because shareholders are entitled to be informed of: (i) stand-alone options that may provide greater long-term value for shareholders than the consideration offered by NOVI, before they are asked to vote in favor of the Merger; and (ii) the extent of the Board's consideration of the stand-alone options in the context of their consideration of the Merger, necessary for the Company's shareholders to make a meaningful decision on whether they agreed with the Board's recommendation in favor of the Merger." (*Id.* at ¶ 58). *Zirn v. VLI Corp.*, 681 A.2d 1050, 1057 (Del. 1996) ("any misstatement contained in the 14 D-9 which misled the stockholders concerning the value of the company would necessarily be material.").

Defendants have not provided any authority supporting a finding that the alleged omissions are immaterial as a matter of law at this stage in the litigation. Accordingly, Plaintiff may amend the complaint to add Section 14(a) allegations.

---

[7] *See, e.g., Edge Partners, L.P. v. Dockser*, 944 F. Supp. 438, 441 (D. Md. 1996) ("Also, the Court will not address the materiality issue with respect to Plaintiff's § 14(a) allegations at this rather early stage of the case"; "Furthermore, depending on what develops through discovery, the issue of materiality may be better left to the trier of fact.").

### D. Misleading Statements

Next, Defendants argue that the additional 14(a) allegations in the proposed second amended complaint are futile in connection with the PSLRA requirement that plaintiff identify statements in the Proxy which are rendered false or misleading by virtue of the alleged omissions. However, the proposed second amended complaint identifies specific statements in the Proxy rendered misleading by each alleged omission and specifically explains how the alleged omissions made these statements misleading. (*See* Doc. 34, Ex. 2 at ¶¶ 59, 63-64, 67, 70, 73, 76, 80, 83, 86-88, 90).

### E. Prejudice

Finally, Defendants maintain that the motion to amend should be denied because: (1) Defendants would be prejudiced by delay and additional costs of rebriefing the motion to dismiss; and (2) Plaintiff had not identified a "good faith basis" to amend.

First, neither delay nor rebriefing is sufficient to demonstrate prejudice. *Murray v. The Fidelity & Deposit Co. of Maryland*, No. 1:10cv1367, 2012 U.S. Dist. LEXIS 23115, at *5-6 (N.D. Ohio Feb. 22, 2012) (stating that "delay, by itself, does not justify denial of leave to amend"; and "the Sixth Circuit also noted that another round of motion practice . . . does not rise to the level of prejudice that would warrant denial of leave to amend"). Additionally, Defendants have yet to set a date for the shareholder vote, so there is no evidence that they will be prejudiced by any delay. Furthermore, should Defendants choose to file a motion to dismiss the second amended complaint, they can use significant

-9-

portions of the existing motion to dismiss.

Second, there is no evidence that Plaintiff's counsel hid their intent to seek to amend the complaint until after Defendants filed their motion to dismiss. Plaintiff's counsel, as officers of the Court, maintain that they decided to amend the complaint after considering the arguments made by Defendants in the motion to dismiss and after reading the Court's Order denying expedited discovery. (*See* Docs. 26 and 32, respectively). In fact, the Court finds that it is quite common for a plaintiff to file a motion to amend in order to cure deficiencies exposed in a motion to dismiss.

Therefore, Defendants will not be prejudiced by Plaintiff's amended complaint.

### IV. CONCLUSION

Accordingly, for the reasons stated here, Plaintiff's motion to amend the complaint (Doc. 34) is **GRANTED**. Plaintiff's counsel is **DIRECTED** to file the amended complaint forthwith.

Additionally, the Court finds that because a second amended complaint supersedes the first complaint, Defendants' pending motion to dismiss is now moot. *See, e.g., Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) ("Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot."). Therefore, Defendants' motion to dismiss (Doc. 26) is **DENIED as MOOT**, without prejudice to refiling.

**IT IS SO ORDERED.**

Date:  November 19, 2012                               *s/ Timothy S. Black*
                                                       Timothy S. Black
                                                       United States District Judge